# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MARCUS GREEN                                                                                          PLAINTIFF

v.                                                                                                    No. 4:08CV166-A-S

MISSISSIPPI STATE PRISON,
WARDEN BREWER,
UNIT 29 MEDICAL STAFF,
UNIT 42 HOSPITAL DOCTOR                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held in this case on March 16, 2009, to determine if there exists a justiciable basis for plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In the complaint, the plaintiff alleges that on December 11, 2008 while in his cell at the Mississippi State Penitentiary ("MSP"), he began having "sharp pains below [his] belt line." He said the officer on duty called "medical" and was told to have the plaintiff fill out a sick call form. The plaintiff said he was in so much pain that he was on the floor, and the officer called medical again. Over an hour later, the nurse arrived. According to the complaint, the plaintiff was feeling better by this time. The plaintiff told the nurse he had seen doctors at other facilities

before. The nurse told the plaintiff to continue to put in sick calls.

The complaint further states that on December 22, 2008, the plaintiff went to medical on a sick call. It had been two weeks after he put in three sick calls. At this time, the Unit 29 doctor told him "it feels like a hernia" and that there was nothing he could do "at this time" and to fill out another sick call if he wasn't feeling better in a week or two. The plaintiff later filled out another sick call when he was in pain. He was seen by the nurse who had examined him previously. This time the nurse told the plaintiff there was nothing she could do. The plaintiff said he was vomiting later that night because he was "in so much pain."

During the *Spears* hearing, the plaintiff testified that he had been complaining to prison officials about his hernia pain since 2004. In 2008, while in a facility in Jefferson County, he said officials refused to give him a "bottom rack profile," so he opted to sleep on the floor. He said climbing to the top bunk caused too much pain. However, he was sent to a doctor in Rankin County and saw her on several occasions. He said this doctor diagnosed a hernia. He testified that he was later moved to MSP and had been there only four months. He testified that he had been assigned to a bottom bunk and had seen doctors "five or six times." He also said he had been given ibuprofen for pain. He testified that he last saw a doctor about a month prior to the hearing, and he was told at that time that he would be scheduled for surgery.

The plaintiff has named as defendants the MSP, Warden Brewer, Unit 29 Medical Staff, and a Unit 42 Hospital Doctor. The plaintiff seeks monetary damages and requests that prison officials be ordered to take him to a specialist.

As an initial matter, the MSP is not a proper defendant to a § 1983 action. With respect to Warden Brewer, the plaintiff testified that he has never spoken to Brewer regarding the incident and that he named him because he is warden of the facility. In order to state a claim for monetary damages under § 1983, plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Because the plaintiff has failed to allege facts sufficient to show that Brewer was personally involved in the alleged constitutional violation, his claim for damages against Brewer should be dismissed.

Additionally, the court finds the plaintiff has failed to state a valid § 1983 claim with respect to his allegations of inadequate medical treatment. In order for a plaintiff to prevail on an Eighth Amendment claim for delay or denial of adequate medical care, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105. Nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a

prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim.").

In this case, the plaintiff has simply failed to allege facts sufficient to show that prison officials were "deliberately indifferent" to his medical needs. By his own admission, prison officials and medical staff have responded to his sick call requests and have given him medication for his pain. Indeed, the plaintiff had only been at the MSP for four months at the time of the hearing and had seen doctors on "five or six" occasions. It is obvious that the plaintiff feels that prison officials should have done more in response to his medical situation; however, dissatisfaction with medical treatment does not state a claim of constitutional dimension.

## Recommendation

Based on the foregoing, it is my recommendation that the plaintiff's entire complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 15th day of September, 2009.

                                          **/s/ David A. Sanders**
                                          **UNITED STATES MAGISTRATE JUDGE**